UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOANETA IOTOVA; ISSAK ALMALEH,

    Plaintiffs,

-against-

JULIE RIVERA; CRAIG COATS; ERNIE GARIBALDI; RONALDO REYES; MARIA TORRES; ISRAEL AMEIJEIRAS,

    Defendants.

22-CV-7178 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, who are appearing *pro se*, bring this action alleging that Defendants falsely testified in the jury trial leading to Plaintiffs' conviction, *United States v. Almaleh*, ECF 1:17-CR-00025, 2 (S.D.N.Y. Mar. 7, 2022). The Court dismissed Plaintiffs' prior suit bringing the same claims against most of the same parties. *See Iotova et al v. Rivera*, No. 22-CV-3786 (LTS) (S.D.N.Y. July 26, 2022) (dismissing claims, brought against Julie Rivera, Israel Ameijeiras, Ronaldo Reyes, and Maria Torres, for allegedly false testimony during criminal trial).

By order dated August 26, 2022, the Court granted Plaintiffs' requests to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiffs Antoaneta Iotova and Issak Almaleh were convicted, following a jury trial, of charges arising from a scheme to obtain real property through fraud. *See United States v. Almaleh*, ECF 1:17-CR-00025, 2 (S.D.N.Y. Mar. 7, 2022). They are awaiting sentencing, which is currently scheduled for October 6, 2022.

Because of Plaintiffs' repeated filing of nonmeritorious actions related to these criminal proceedings, they have been enjoined "from filing any lawsuits against any counsel, court officer, or judicial officer connected to the criminal proceedings during its pendency." *Almaleh, et al.*, ECF 1:17-CR-0025, 108 (S.D.N.Y. Feb. 28, 2018).[1]

In July 2022, Plaintiffs brought an action against four individuals who testified during their criminal trial, alleging that they had "deliberately lied in the Federal Court." *Iotova et al v.*

---

[1] Plaintiffs nevertheless continued to file actions that were within the scope of the February 28, 2018, injunction, which were summarily dismissed. *See, e.g.*, *Almaleh et al. v. Spilke*, ECF 1:22-CV-5609, 7 (S.D.N.Y. Aug. 11, 2022); *Iotova, et al., v. Ocwen Fin. Corp.*, ECF 1:19-CV-10664, 2 (S.D.N.Y. Nov. 21, 2019); *Iotova, et al., v. Bharara*, ECF 1:19-CV-10663, 2 (Nov. 21, 2019); *Iotova, et al., v. McMahon*, ECF 1:18-CV-9181, 7 (S.D.N.Y. Oct. 25, 2018).

*Rivera*, ECF 1:22-CV-3786 (LTS) (S.D.N.Y.) (ECF No. 3 at 1). That action named Defendants Julie Rivera, Israel Ameijeiras, Ronaldo Reyes, and Maria Torres. Plaintiffs sought damages and a stay of the criminal proceedings pending resolution of that civil matter. The Court dismissed the Section 1983 action against all defendants based on witness immunity, and directed Plaintiffs to raise any challenge to their criminal proceedings in the criminal case or, eventually, in a post-conviction motion.

In this action, Plaintiffs invoke the Court's federal question jurisdiction and allege that Defendants have violated their federal constitutional rights. They again sue Rivera, Reyes, Ameijeiras, and Torres for their allegedly false testimony in Plaintiffs' criminal trial. They also make this same false testimony claim, for the first time, against Defendant Ernie Garibaldi. In addition, Plaintiffs sue Craig Coats, alleging that "agent Craig Coats asked [the] FBI to detain [them] and to start a criminal investigation against them. . . . The same did Jamie Brooks from FDIC."[2] (ECF 3 at 10.) "They obviously lied when they asked criminally to charge the Plaintiffs," who had not engaged in "any criminal activity." (*Id.*)

Plaintiffs seek $10 million in damages and ask that their convictions be set aside.

## DISCUSSION

Plaintiffs assert claims for violations of their constitutional rights, and their claims could therefore be construed as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that (1) a person acting under the color of state law (a "state actor") (2) violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Where the defendant is a federal actor, an implied remedy for damages for the violation of constitutional rights instead may lie against the individual federal

---

[2] Brooks is not named as a defendant in this action.

actor under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*).

A.   **Claims against Trial Witnesses**

As the Supreme Court has explained, "[t]here are two reasons why § 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding." *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). First, private parties are not subject to liability under Section 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Second, "a trial witness has absolute immunity with respect to any claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (relying on *Briscoe v. LaHue*, 460 U.S. 325 (1983)). The Supreme Court has reasoned that "the possibility of civil liability was not needed to deter false testimony at trial because other sanctions—chiefly prosecution for perjury—provided a sufficient deterrent." *Id.*(citing *Brisco*, 460 U.S. at 342). Moreover, there is no "reason to distinguish law enforcement witnesses from lay witnesses," and absolute immunity for trial testimony applies to both. *Id.*

Here, Plaintiffs sue Defendants Rivera, Reyes, Ameijeiras, Torres for allegedly making false statements in their trial testimony. Plaintiffs' claims against these defendants fail, both because these defendants are private parties not subject to suit under Section 1983 and because

4

they are entitled to absolute immunity for their testimony at trial. Moreover, it is frivolous of Plaintiffs to reassert these claims after the same claims against these defendants were dismissed without leave to replead. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiffs also assert a claim against Defendant Ernie Garibaldi, who may be a state or federal actor, for false trial testimony. Plaintiffs' claim against Garibaldi for allegedly false testimony at trial is dismissed based on absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Malicious Prosecution**

Plaintiffs allege that "agent Craig Coats asked [the] FBI to detain [them] and to start a criminal investigation against them. . . ." and that he "obviously lied," when asking that Plaintiffs be criminal charged. (ECF 3 at 10.) Because Plaintiffs allege that Defendant Coats initiated a prosecution against them without probable cause to believe it could succeed, the Court construes Plaintiffs' allegations against Defendant Coats as a claim for malicious prosecution.

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002); *see also Thompson v. Clark*, 142 S. Ct. 1332 (2022) (holding that to state a claim for malicious prosecution, a plaintiff need not show an affirmative indication of innocence – only that the criminal proceeding ended without a conviction)

To recover damages for malicious prosecution, a plaintiff must show that the subject criminal proceeding terminated in the plaintiff's favor, such as by alleging that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (relying on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiffs have been convicted, and are set for sentencing; their conviction has not be overturned or called into question. The Court therefore dismisses Plaintiffs' malicious prosecution claims against "agent Craig Coates" for failure to state a claim because they cannot show favorable termination of their criminal proceedings.³ 28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **Challenge to Conviction and Sentence**

Plaintiffs contend that their conviction must be set aside because the U.S. Attorneys prosecuting the criminal charges against them knew that witnesses had lied in their trial testimony. (ECF 3 at 11.) Plaintiffs further argue, as a ground for relief from their convictions, that prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963), in failing to turn over unspecified material before trial. Plaintiffs assert that the district court "denied them lawyers," though they also indicate that "four [lawyers] were appointed." (ECF 3 at 14-15.)

Although public records reflect that, on April 11, 2022, a jury found Plaintiffs guilty of all charges against them in *Almaleh*, ECF 1:17-CR-00025 (S.D.N.Y.), Plaintiffs have not yet been sentenced and no judgment has entered. Plaintiffs' criminal proceedings thus are not final, and the Court therefore declines to recharacterize this civil rights action as a motion under Section 2255. *See, e.g., United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (holding that,

---

³ Defendant Coats may be a federal actor. If so, Plaintiffs' claim likely suffers additional defects because the Supreme Court has not recognized a *Bivens* claim for malicious prosecution and "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017).

although there is no jurisdictional bar to adjudication of a Section 2255 motion while a direct appeal is pending, courts should avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal); *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (holding that where conviction remains pending on appeal, declining to hear a Section 2255 motion is in the interest of judicial economy and "avoid[s] confusion or waste of time resulting from having the same issues before two courts at the same time).[4]

After Plaintiffs are sentenced and their judgment of conviction has become final, they may file a direct appeal and, eventually, a motion under 28 U.S.C. § 2255 to challenge their conviction.[5]

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the defects in Plaintiffs' civil rights complaint cannot be cured with an amendment because trial witnesses are entitled to absolute immunity, and no malicious prosecution claim will lie for a criminal matter where Plaintiffs stand convicted. The Court therefore declines to grant Plaintiffs leave to amend their complaint.

---

[4] A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

[5] If Plaintiffs wish raise objections in the ongoing criminal proceedings, they should consider, or consult with counsel about, filing an appropriate motion in the criminal case. Any motion intended to be filed in Plaintiffs' criminal case should be labeled with the docket number 17-CR-0025 (ER).

Plaintiffs have already been directed to desist from filing any lawsuits against any counsel, court officer, or judicial officer connected to the criminal proceedings . . . ." *Almaleh, et al.*, ECF 1:17-CR-0025, 108. The Court further cautions Plaintiffs that repetitive filing of claims that have already been rejected may lead to the imposition of further sanctions, under 28 U.S.C. § 1651, including limitations on the privilege of proceeding *in forma pauperis*.

## CONCLUSION

Plaintiffs' complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall issue.

SO ORDERED.

Dated:   September 6, 2022
            New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge